IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NINA M. DUTTON,                    )
                                   )
                Plaintiff,         )    Case No. 06-3092-HO
                                   )
                v.                 )    ORDER
                                   )
Commissioner of Social Security,   )
                                   )
                Defendant.         )
_____)

Plaintiff brings this proceeding pursuant to section 205(g) of
the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g),
to obtain judicial review of the Commissioner's final decision
denying plaintiff's application for disability insurance benefits.
Plaintiff asserts disability beginning December 6, 2001, due to
severe back pain related to bulging disks and spinal cord
compression. Tr. 61, 71. After a hearing, an administrative law
judge (ALJ) determined that plaintiff is not disabled.

1 - ORDER

Plaintiff contends the ALJ erred in: (1) rejecting the opinion of plaintiff's treating and examining physicians while substituting such opinion with his own; (2) rejecting plaintiff's testimony; (3) rejecting lay witness testimony; and (4) basing his decision on vocational expert opinion that itself was based on an inaccurate hypothetical.

A.   Plaintiff's Credibility

Plaintiff testified that she suffers constant pain. Tr. 637. Plaintiff also stated that she is limited in work activity to three hours a day, two to three days a week. Tr. 640. After three hours of work activity in volunteer work, plaintiff stated the pain would cause her to feel like she needed to go home and take a nap. Tr. 641. She also stated that her ability to deal with confrontation is limited. Tr. 641.

The ALJ rejected plaintiff's testimony to the extent she testified to inability to work. In rejecting a claimant's testimony, the ALJ must perform a two stage analysis. Smolen v Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). The first stage is the Cotton test. Under this test, a claimant must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. All that is required of the claimant is that she produce objective evidence of an impairment or impairments and show that the impairment or impairments could produce some degree of the symptoms

alleged.  In addition, there must be no evidence of malingering. A claimant need not show that the impairments in fact did cause the symptoms.  Id. at 1281-82.  The claimant need not produce objective medical evidence of the symptoms themselves or their severity.  Id. at 1282.  Once a claimant produces evidence to meet the Cotton test and there is no evidence of malingering, then the analysis moves to the second stage.

Plaintiff produced objective evidence of spinal cord compression.  Tr. 177.

Under the second part of the analysis, the ALJ must analyze the credibility of a claimant's testimony regarding the severity of her symptoms.  The ALJ can reject a claimant's symptom testimony only if he makes specific findings, stating clear and convincing reasons for doing so.  Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).  The ALJ cannot reject a claimant's symptom testimony solely because it is not fully corroborated by objective medical findings.  Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986).

In determining a claimant's credibility the ALJ may consider, for example:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. . . In evaluating the credibility of the symptom testimony, the ALJ must also consider the factors set out in SSR 88-13. . . .  Those factors include the claimant's work

3 - ORDER

> record and observations of treating and examining
> physicians and other third parties regarding, among other
> matters, the nature, onset, duration, and frequency of
> the claimant's symptoms; precipitating and aggravating
> factors; functional restrictions caused by the symptoms;
> and the claimant's daily activities.

Smolen, 80 F.3d at 1284.

The ALJ noted that plaintiff refused some pain medications, muscle relaxants, and anti-inflammatory medications. Tr. 25. The ALJ also noted that plaintiff was anxious and frustrated with her ongoing worker's compensation battle, but that she was working out at a gym, walking her dogs, gardening, fishing, pursuing computer classes and working on her home computer. Tr. 25. The ALJ further noted that plaintiff stopped working out in May of 2005 because her "schedule was getting pretty filled." Tr. 25.

The ALJ noted that Dr. Lucinda Kolo indicated that plaintiff's loss of her preferred labor intensive profession as a pile driver played significant role in plaintiff's condition and that plaintiff was unwilling to undergo recommended trials of various psychotropic medications. Tr. 27-28.

The ALJ also noted that despite complaints of bowel/bladder problems beginning in 2001, plaintiff did not seek treatment for such until 2003. TR. 28. The ALJ also noted that contrary to the record, plaintiff stated that the examining neurologist recommended against surgery because of the risks. However, the neurologists recommended against surgery because of the lack of basis for it in relation to the risk. Tr. 28. The ALJ also noted that plaintiff

4 - ORDER

refused therapy for irritable bowl syndrome.  Tr. 29.

The ALJ noted that plaintiff received A's in her Auto-CAD classes for four semesters.  Tr. 29.

Plaintiff contends that she was compliant with treatment recommendations and refused certain types of treatments for good reason.  However, while the record does establish that plaintiff was concerned with the risk of side-effects from medications, it does show that plaintiff failed to take trial courses of medications.  See, e.g., Tr. 522-23.  The ALJ provided clear and convincing reasons for rejecting plaintiff's symptom testimony.

B.   Treating Sources and Examining Sources

Plaintiff indicates that the ALJ improperly discredited the opinions of Drs. James Minervini, Lucinda Kolo, John Warbritton and Michael Gray.

Where an ALJ chooses to disregard the opinion of a treating physician, he must set forth clear and convincing reasons for doing so if the treating physician's opinion is not contradicted by another doctor.  Fife v. Heckler, 767 F.2d 1427, 1431 (9th Cir. 1985).  If a treating physician's opinion is contradicted by another doctor and the ALJ wishes to disregard the opinion, the ALJ must set forth "specific, legitimate reasons for doing so that are based on substantial evidence in the record." Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983).  To meet this burden the ALJ must

5 - ORDER

set out a detailed analysis and thorough summary of the facts and conflicting clinical evidence, state his interpretation thereof, and make findings.     Embrey v Bowen, 849 F.2d 418, 421 (9th Cir. 1988).

Dr. Minervini is a chiropractor and is, therefore, not considered an acceptable medical source.  20 C.F.R. § 404.1513. Dr. Warbritton does not appear to offer an opinion that does not fit in with the ALJ's residual foundational capacity assessment.

The Commissioner contends that the ALJ also accepted Dr. Kolo's opinion, but Dr. Kolo did opine that plaintiff needs frequent position change including supine and prone. Tr. 476. The ALJ did not include this restriction in his findings.  It is unclear whether such a restriction would preclude employment. See Tr. 660-61 (vocational expert testifies that where the sit and stand total becomes less than eight hours there is a problem, but does not address a need to lie down).  Accordingly, a remand for further proceedings to consider this opinion is necessary.

In addition, it is unclear if Dr. Gray's opinion would also preclude employment as he does not clearly state an opinion as to functional limitations.  See Tr. 469-70.


C.   Lay Testimony

On remand the ALJ should address plaintiff's mother's testimony regarding the need to lie down due to pain.

6 - ORDER

<u>CONCLUSION</u>

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and remanded for further proceedings.

DATED this   14th   day of   August   , 2007.

                                   s/ Michael R. Hogan
UNITED STATES DISTRICT JUDGE

7 - ORDER